UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  -vs-                                                        Case No. 1:22-cr-00193-JCH

**ANDRES CASTRO-ARAGON,**

        **Defendant.**

### ORDER GRANTING DEFENDANT'S OPPOSED MOTION TO AMEND CONDITIONS OF RELEASE PURSUANT TO 18 U.S.C. § 3145(a)(2)

**THIS MATTER** is before the Court on defendant Andres Castro-Aragon's Opposed Motion to Amend Conditions of Release Pursuant to 18 U.S.C. § 3145(a)(2), filed on February 10, 2023. Doc. 32. The United States opposes the motion. Doc. 33. For the following reasons, the Court GRANTS Mr. Castro-Aragon's motion.

More than a year ago, on February 10, 2022, the Court released Mr. Castro-Aragon to the La Pasada Halfway House, but imposed a condition that he not drive because of his history of DUIs and other driving-related issues. *See* Docs. 9, 17. Six months later, after Mr. Castro-Aragon had lived at the halfway house without incident, he asked that his conditions be modified so that he could live with his girlfriend. Doc. 26. The government did not oppose this request, and the Court granted it. Doc. 27. Now he asks that the Court lift the condition that he not drive, so long as he complies with all state-law requirements. Doc. 32. Mr. Castro-Aragon's supervising pretrial officer does not oppose this request. *See id.* She reports that Mr. Castro-Aragon has maintained his employment; he has complied with all conditions; he is regularly and randomly tested for alcohol and other substances, and he has not had a single positive test. Doc.

34. Given this history, the Court finds that Mr. Castro-Aragon has demonstrated that he will comply with the conditions imposed by the Court, and that he should be permitted to drive so long as he complies with all state requirements.

The Court will clarify, however, that it does not view Mr. Castro-Aragon's motion as seeking to reopen the detention hearing under 18 U.S.C. § 3142(f), or as a motion to reconsider. *See* Doc. 33 (arguing that the Court should deny defendant's motion because he has not presented any new, material information that was not known to him at the time of the detention hearing). The Court *released* Mr. Castro-Aragon, first to the halfway house, then to live with his girlfriend. *See* Docs. 17, 27. Accordingly, Mr. Castro-Aragon may, at any time, file "a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a)(2). In addition, under 18 U.S.C. § 3142(c)(3), the Court "may at any time amend the order [of release] to impose additional or different conditions of release." Because Mr. Castro-Aragon has done well under supervision and has adhered to all the conditions imposed, the Court finds that it is appropriate to allow him to drive so long as he meets all state law requirements.

**IT IS THEREFORE ORDERED** that defendant Andres Castro-Aragon's Opposed Motion to Amend Conditions of Release Pursuant to 18 U.S.C. § 3145(a)(2) (Doc. 32) is GRANTED. Mr. Castro-Aragon is permitted to drive after he meets all state-law requirements. In particular, he must obtain an ignition interlock device, an ignition interlock license, and register his vehicle. All other previously imposed conditions remain in effect.

DATED this 2nd day of March 2023.

_____
Laura Fashing
United States Magistrate Judge